UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| J.G., on her own behalf and as parent of Z.G., a minor,*<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE HOUSING AUTHORITY, et al.,<br><br>Defendants. | No. 2:26-cv-04015-LK<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**<br><br>NOTE ON MOTION CALENDAR: October 18, 2026 (no defendant has been served or appeared; LCR 7(d)(1)) |

*My true name is filed under seal with the Court in a Notice of True Name.

## I. RELIEF REQUESTED

I ask the Court for an order that:

1. allows me to proceed as "J.G." and my son to proceed as "Z.G." in all public filings in this case;

2. grants leave to file the First Amended Complaint and all future filings under these pseudonyms;

3. accepts my true name under seal in a Notice of True Name;

4. permits disclosure of my true name and my son's true name to defendants and their counsel once they appear, under a protective order that limits its use to this litigation and bars its use in any public filing; and

5. directs that the public docket caption read "J.G., on her own behalf and as parent of Z.G., a minor."

## II. FACTS

I am the plaintiff. My son, Z.G., is a minor. This is a federal civil-rights and disability-discrimination case against public entities and a publicly funded housing provider.

I am a survivor of domestic violence. I live with disabling conditions, which I describe publicly only as neurodivergence, a trauma-related condition, and a life-threatening illness

found in February 2025, with treatment continuing through 2026. Z.G. lives with a serious vision impairment and neurodivergence.

The defendants already know who I am. Before this case was filed, they took adverse actions against my family, including ending my family's housing assistance in a single day, directing my emails to the housing authority into a spam folder, writing to my physician to demand that she stop supporting my accommodation requests, and suing to remove us from our home for money I did not owe. These are described in my declaration.

On October 9, 2026, at 10:29 p.m., I emailed my original complaint to the Clerk. It was received under my full legal name. It is 171 pages long. It describes my medical and disability history, my son's conditions and schooling, our displacement, and the places my family stayed.

No defendant has been served. No defendant has appeared. My application to proceed in forma pauperis is pending. I will file a First Amended Complaint under this pseudonym by the end of October 2026. It will be the complete and accurate public account of this case, and I ask that it, not the original complaint, be what the public sees. I continue to seek legal representation, private or appointed by the Court. I file this motion first so that the Court can rule on it before the amendment. I have also asked the Court separately to keep my residential address confidential.

My son and I are now housed, for the first time since 2021, through resources independent of the defendants.

## III. ARGUMENT

### A. The Court may allow pseudonyms when the need for anonymity outweighs any prejudice.

Fed. R. Civ. P. 10(a) requires a complaint to name the parties. The Ninth Circuit allows a party to use a pseudonym in the "unusual case" when nondisclosure is necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).

A party may proceed under a pseudonym "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile, 214 F.3d at 1068. Pseudonyms are proper when identification creates a risk of retaliatory physical or mental harm, and when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. Id.

Where retaliation is feared, the Court weighs (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to retaliation, (4) prejudice to the opposing party, and (5) the public interest. Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010) (citing Advanced Textile, 214 F.3d at 1068). The plaintiff shows a fear of severe harm and that the fear is reasonable. Id. at 1043.

My case meets both grounds the Ninth Circuit recognizes: the risk of retaliation and the sensitive, highly personal nature of the information. Each factor favors me.

### B. The threatened harm is severe.

The harm I face is physical and mental, and it falls on a child as well as on me.

I am a survivor of domestic violence. A public docket under my full name, with my son's details and the history of where we have lived, gives anyone who searches my name a map to my family. For a survivor, being found is the harm.

The defendants are public entities and a housing provider. They have already used their power over my family's housing to take adverse actions against us. Housing is the thing my son and I lost and have only now regained. Any further retaliation would reach the stability we have rebuilt and my ability to complete medical treatment through 2026.

The complaint also sets out medical and disability information about me and my son that is private by nature. Public exposure of a life-threatening illness, a trauma-related condition, and a child's vision impairment and neurodivergence is a severe harm in itself, separate from retaliation.

**C. My fear is reasonable.**

My fear rests on what has already happened, not on speculation. The defendants know my identity and have already acted against my family, as set out in my declaration with dates. A person who has lost her home after asking for disability accommodations has a concrete reason to fear further retaliation when she sues.

My fear of being located is also grounded in my history as a domestic-violence survivor. I have separately asked the Court to keep my residential address confidential for the same reason.

**D. My son and I are especially vulnerable.**

Z.G. is a minor with a serious vision impairment and neurodivergence. The Federal Rules already protect minors' names in public filings. Fed. R. Civ. P. 5.2(a)(3); W.D. Wash. LCR 5.2(a). That protection means little if his mother's full name sits on the same caption.

I am representing myself while completing treatment for a life-threatening illness. I live with a trauma-related condition and neurodivergence. My family has only now been rehoused. We have no buffer against retaliation.

**E. Defendants suffer no prejudice.**

The defendants already know who I am. They will receive my true name and my son's true name under a protective order as soon as they appear. Nothing about the pseudonym limits their ability to investigate, take discovery, or defend.

No defendant has been served or has appeared, so this motion comes at the very start of the case, before any defendant has relied on the public caption.

**F. The public interest is served.**

The public's interest in this case lies in how public entities and a publicly funded housing provider treated a family with disabling conditions. Every allegation, every claim, and every ruling will remain public. Only my name and my son's name will be withheld.

My identity has no bearing on the legal questions. The public also has a strong interest in allowing people with disabling conditions, and survivors of domestic violence, to bring civil-rights claims without having to expose their families to harm as the price of going to court.

**G. A protective order fully addresses disclosure to defendants.**

I ask that disclosure of our true names to defendants be made subject to a protective order limiting use to this case and barring any public filing of our names. Fed. R. Civ. P. 5.2(e) authorizes the Court, for good cause, to require redaction of additional information and to limit nonparty remote electronic access to filings.

**IV. CONCLUSION**

I ask the Court to grant this motion and enter the proposed order.

DATED: October 18, 2026.

/s/ J.G.

J.G., Plaintiff, pro se

[mailing address on file]

[email on file]