UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

J.G., et al.,

Plaintiffs,

v.

SEATTLE HOUSING AUTHORITY, et al.,

Defendants.

Case No. C26-4015-LK-SKV

ORDER TO SHOW CAUSE

Plaintiff J.G. proceeds pro se and *in forma pauperis* (IFP) in this civil action brought on behalf of herself and her minor child, Z.G. *See* Dkt. 10. This matter now comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a).

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915 is subject to *sua sponte* review and dismissal "at any time" to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). In addition, Rule 8 of the Federal Rules of Civil Procedure requires that, to state a claim for relief, a pleading must contain a "short and plain statement" of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement of the claim must

be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and must state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

The Court now, upon review of the Complaint, finds and ORDERS as follows:

(1) Plaintiff describes this matter as a "civil-rights case about a publicly financed apartment building, the public bodies that owned, subsidized and regulated it, and what they did to a mother and child with disabling conditions who asked them, for five years and in writing, to follow their own rules." Dkt. 10, ¶ 1. The Complaint totals 115 pages, names some twenty six different Defendants, and raises twenty nine separate causes of action. *See* Dkt. 10. The facts are set forth in well over fifty of the 115 pages and the claims are brought pursuant to numerous federal statutes, including, *inter alia*, the Fair Housing Act, Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, the Violence Against Women Act, and the Uniform Relocation Act, as well as various constitutional provisions, state and municipal laws, and Washington common law. *See id.*

The Court construes pro se complaints liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, even applying this directive, the Court cannot find Plaintiff's Complaint sufficient to proceed. The Court, instead, finds that the Complaint fails to contain the necessary short and plain statement of the grounds for relief. The allegations set forth in the Complaint are difficult to discern and confusing, and do not provide fair notice of the claims and the grounds upon which they rest. It is further not clear whether the Complaint contains allegations subject to dismissal as frivolous and/or failing to state a claim upon which relief may

be granted. The Court, finally, is concerned that Plaintiff may have utilized generative AI in drafting the pleading. The Court, under these circumstances, finds it necessary to issue this Order directing Plaintiff to show cause why this matter should not be dismissed.

(2) The Court also notes that Plaintiff names her minor child, Z.G., as an additional plaintiff in this action. However, "[i]t is well established that the privilege to represent oneself pro se . . . is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Further, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego,* 114 F.3d 874, 877 (9th Cir. 1997). Accordingly, if this action proceeds, it may not be brought by Plaintiff on behalf of Z.G.[1]

(3) For the reasons set forth above, Plaintiff is ORDERED to SHOW CAUSE, within **thirty (30) days** of the date of this Order, why this action should not be dismissed for failure to comply with Rule 8 and/or pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff may either file a response to this Order or may file an amended complaint that corrects the deficiencies identified above. Plaintiff is advised than an amended complaint will operate as a complete substitute for, rather than a mere supplement to, the present complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no response or amended complaint is timely filed, or if Plaintiff files an

[1] Plaintiff included a request for counsel within the body of the Complaint, *see* Dkt. 10 at 113, but has not separately moved for the appointment of counsel. While "[t]he Court may request an attorney to represent any person unable to afford counsel[,]" 28 U.S.C. § 1915(e)(1), there is no right to appointment of counsel in a civil case. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Moreover, the Court may appoint counsel only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. Plaintiff is herein advised that there is no indication of exceptional circumstances warranting the appointment of counsel in this matter.

amended complaint that fails to correct the deficiencies identified above, the Court will recommend that this matter be dismissed.

(4) Given the above, the Court declines to rule on Plaintiff's pending Motion to Proceed Under Pseudonym, Dkt. 3, and Motion to Seal Original Complaint and Identifying Information, and to Redact Name from Public Docket, Dkt. 5, at this juncture. Those motions are herein RENOTED for consideration on **December 14, 2026**.

(5) The Clerk is directed to send a copy of this Order to Plaintiff and to the Honorable Lauren King.

Dated this 13th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge